**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0001104**
**14-MAR-2013**
**08:44 AM**

NOS. CAAP-11-0001104 and CAAP-11-0001105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-11-0001104
(DC-CIVIL NO. 11-1-2370)

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY
LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES NC 2005-HE8,
Plaintiff-Appellee,
v.
HERMINA CASTRO, STEVEN CASTRO,
CHRISTOPHER CASTRO, and ESTEBAN CASTRO, Defendants-Appellants,
and
JOHN DOES 1-50, and JANE DOES 1-50, Defendants

CAAP-11-0001105
(DC-CIVIL NO. 11-1-2365)

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY
LOAN TRUST, SERIES NC 2005-HE8, ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES NC 2005-HE8,
Plaintiff-Appellee,
v.
HERMINA CASTRO, STEVEN CASTRO,
CHRISTOPHER CASTRO, and ESTEBAN CASTRO, Defendants-Appellants,
and
JOHN DOES 1-50, and JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT

MEMORANDUM OPINION
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendants-Appellants Herminia[1] Castro, Steven Castro, Christopher Castro, and Esteban Castro (collectively, Defendants) appeal from the Judgment for Possession and the Writ of Possession; and the "Order 1) Granting Defendant's Motion to Set Aside Entry of Default Filed November 7, 2011, 2) Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed October 25, 2011, 3) Denying Defendant [Herminia] Castro's Motion for Leave to File Answer and Counterclaim Against U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC Etc. Filed November 7, 2011 and 4) Denying Defendant [Herminia] Castro's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Filed November 7, 2011," both entered December 13, 2011 in the District Court of the Second Circuit[2] (district court). The district court granted summary judgment and entered a judgment for possession in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC 2005-HE8 (U.S. Bank).

## I.  BACKGROUND

On August 24, 2011, U.S. Bank filed a complaint for ejectment in the district court against Defendants. U.S. Bank alleged it was the fee simple owner of the subject property (Property) by virtue of a non-judicial foreclosure sale held on March 29, 2011, and the subsequent recording on July 29, 2011 of a Quitclaim Deed identifying U.S. Bank as the grantee and recorded in the Bureau of Conveyances of the State of Hawaiʻi

---

[1]     In the record on appeal, Herminia Castro's name is spelled alternatively as "Herminia" and "Hermina." We use the spelling set forth in Defendants' briefs and motions.

[2]     The Honorable Kelsey T. Kawano presided.

(BOC). The complaint alleged Defendants were wrongfully occupying the Property despite written notice to vacate, and U.S. Bank requested a judgment for possession, writ of possession, and money damages. U.S. Bank filed a motion for summary judgment and writ of possession on October 27, 2011. U.S. Bank's supporting documentation included a "Mortgagee's Affidavit of Foreclosure Under Power of Sale" and the resulting quitclaim deed issued in its favor, both recorded in the BOC. On November 7, 2011, Defendants' counsel opposed the motion and filed additional motions, including a motion to dismiss U.S. Bank's complaint for lack of subject matter jurisdiction.

On December 13, 2011, the district court entered its order 1) granting U.S. Bank's motion for summary judgment and writ of possession; 2) granting Defendants' motion to set aside entry of default; 3) denying Herminia Castro's motion for leave to file an answer and counterclaim against U.S. Bank; and 4) denying Herminia Castro's motion to dismiss U.S. Bank's complaint for lack of subject matter jurisdiction. The district court entered a judgment for possession and a writ of possession in U.S. Bank's favor the same day.

Defendants filed a timely notice of appeal on December 30, 2011. On appeal, Defendants contend the district court erred in (1) denying Herminia Castro's motion to dismiss, (2) denying her request for a continuance of the summary judgment hearing pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 56(f), and (3) granting summary judgment in U.S. Bank's favor.

## II. STANDARDS OF REVIEW

> The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005) (quoting

3

Amantiad v. Odum, 90 Hawai'i 152, 158-59, 977 P.2d 160, 166-67 (1999)).

## III.   DISCUSSION

Defendants contend the district court erred in denying Herminia Castro's motion to dismiss U.S. Bank's complaint for lack of subject matter jurisdiction.  Hawaii Revised Statutes (HRS) § 604-5(d) (Supp. 2012) precludes the district courts from exercising jurisdiction in "real actions . . . in which the title to real estate comes in question[.]"  Pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 12.1[3], defendants may assert, as a defense to the district court's jurisdiction, that the action is one in which title to real estate will come in question.

DCRCP Rule 12.1 requires defendants provide an affidavit setting forth the "source, nature, and extent of the title claimed by defendant" and "such further particulars as shall fully apprise the court of the nature of the defendant's claim."  "[T]he source, nature, and extent of title claimed by the defendant, must be described to the court with some detail and specificity."  Deutsche Bank Nat'l. Trust Co. v. Peelua, 126 Hawai'i 32, 37, 265 P.3d 1128, 1133 (2011).

In Monette v. Benjamin, 52 Haw. 246, 473 P.2d 864, (1970), the Hawai'i Supreme Court examined an affidavit in which the declarant claimed title to the property on behalf of herself

---

[3]     DCRCP Rule 12.1 states:

**Rule 12.1.  DEFENSE OF TITLE IN DISTRICT COURTS**

   **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

4

and her five brothers, who had inherited the property from their deceased father. Id. at 248, 473 P.2d at 865. The supreme court concluded the affidavit, though "very clumsily worded," set forth all of the information called for in the rule and put in issue the title to the land involved. Id. (internal quotations omitted). The court stated:

> A fair reading of the affidavit show[ed] that [the defendant] claimed title to the land in question by inheritance from her father, who in turn had inherited from his father, and that the title claimed by her was an undivided one-sixth interest in fee simple, which descended to her by intestate succession from the immediately preceding sole owner.

Id. Cf. Peelua, 126 Hawai'i at 38-39, 265 P.3d at 1134-35 (concluding the defendant's affidavit, which stated that the defendant's family had owned the property since the Great Mahele[4] and deeded the property to the defendant, "failed to provide any detail or specificity regarding the source, nature, or extent of title claimed"); Aames Funding Corp. v. Mores, 107 Hawai'i 95, 100, 110 P.3d 1042, 1047 (2005) (affidavit's mere assertion that "title is at issue" was insufficient to validate jurisdiction defense).

The declaration[5] Herminia Castro submitted in opposition to U.S. Bank's motion for summary judgment satisfies the DCRCP Rule 12.1 requirements for raising an issue of title. The declaration states the following regarding the "source, nature, and extent" of Defendants' claim to title:

> 3. [Herminia Castro] and her husband purchased the [Property] from the prior owners in 2002.
>
> 4. She and her husband owned the property in fee simple as tenants by the entirety.
>
> 5. Her husband died in 2005.
>
> 6. She owned the property after her husband died.

---

[4]  See Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 172 P.3d 983 (2007).

[5]  Herminia Castro submitted an unsworn declaration subscribed to be true under penalty of law, and Rule 7(g) of the Rules of the District Courts of the State of Hawai'i authorizes submission of a declaration in lieu of an affidavit.

> . . . .
>
> 13. She and her son made a [mortgage refinance] loan with New Century [Mortgage Corporation].
>
> . . . .
>
> 22. She and her son hold title as joint tenants having acquired the property from Herminia Castro, who acquired title from Herminia Castro and her husband, now deceased, and title was recorded in the names of Herminia Castro as Joint Tenants.

Similar to the affidavit in Monette, Defendants' declaration apprised the court that Herminia Castro acquired title by succession after her husband's death, that she refinanced the mortgage on the Property with her son, and that she claims an undivided interest in fee simple with her son. Therefore, the declaration contained sufficient information regarding the source, nature, and extent of title claimed by Defendants.

Defendants' declaration and motion to dismiss also contended the underlying transactions involving the Property were void and did not result in proper title to U.S. Bank. Defendants alleged the loan was void because it was based on fraud in the inducement or unfair and deceptive acts and practices. Defendants also alleged U.S. Bank lacked standing to foreclose because of a break in the chain of title of the loan documents. The assertions sufficed to apprise the court of Defendants' claim that the non-judicial foreclosure was void and that Defendants retained title. Cf. Peelua, 126 Hawai'i at 38, 265 P.3d at 1134 (defendant's reference to having been "defrauded, duped, coerced, and tricked" into engaging in transactions involving the property did not provide sufficient detail for the court to ascertain how or whether the allegation had any bearing to title).

We conclude Defendants' declaration contained sufficient detail and specificity to fully apprise the court of the source, nature, and extent of Defendants' claim of title to the Property. Accordingly, the district court lacked jurisdiction in this matter. In light of our conclusion, we do not address Defendants' remaining points of error.

IV.   CONCLUSION

We vacate the Judgment for Possession and the Writ of Possession in favor of U.S. Bank and the "Order 1) Granting Defendant's Motion to Set Aside Entry of Default Filed November 7, 2011, 2) Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed October 25, 2011, 3) Denying Defendant [Herminia] Castro's Motion for Leave to File Answer and Counterclaim Against U.S. Bank National Association, as Trustee, on Behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2005-HE8, Asset Backed Pass-Through Certificates, Series NC Etc. Filed November 7, 2011 and 4) Denying Defendant [Herminia] Castro's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Filed November 7, 2011," both entered on December 13, 2011 in the District Court of the Second Circuit.  We remand this case with instructions to dismiss the case for lack of jurisdiction.

DATED:  Honolulu, Hawai'i, March 14, 2013.

On the briefs:

Robin R. Horner
(RRH & Associates)
for Defendants-Appellants.

Charles R. Prather
Sofia M. Hirosane
Blue Kaanehe
(RCO Hawaii)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7